F. M. SIMS *v.* T. J. BRADFORD.

LIEN. *Priority over mortgage.* The lien given by statute to the keeper of a
    stallion for public use on the offspring is superior to the right of a
    mortgagee to whom the mare is conveyed while in foal, and whose
    mortgage is registered before the foal is dropped.

FROM WHITE.

Appeal in error from the Circuit Court of White
county.   N. W. McCONNELL, J.

E. JARVIS for Sims.

T. J. R. SWAFFORD for Bradford.

COOPER, J., delivered the opinion of the court.

On March 29, 1879, T. J. Lewis conveyed to T.
J. Bradford, by mortgage to secure a just debt, a
mare then in foal by a stallion kept for public use
by F. M. Sims.   The mortgage was at once proved
and registered.   The foal was dropped in May, 1879.
On the 22nd of August, 1879, Sims commenced this
action by attachment to enforce his statutory lien on
the foal for the season of the mare.   Upon appeal
to the circuit court, the case was tried by the judge,
without a jury, upon an agreed state of facts, and
judgment rendered for the defendant, from which the
plaintiff appealed.   The Referees report in favor of a
reversal of the judgment.

Sims *v.* Bradford.

By statute: "Any person keeping a stallion, jack, bull or boar for public use, shall have a lien on the offspring of the same until the season is paid for, provided such lien is enforced in ten months from the birth of such offspring; the lien to be enforced as the landlord's lien is now by law enforced": Act of 1879, ch. 93, as amended by 1879, ch. 259. When the act of 1873 was passed, the landlord's lien was enforced by attachment issued on affidavit that the rent was due and unpaid, or by judgment at law against the tenant, and execution to be levied on the crop in whosesoever hands it might be: Code, sec. 3541. The action before us was commenced in time by attachment issued upon the plaintiff's affidavit that Lewis "was justly indebted to him by account in the sum of five dollars for the use of a stallion, that T. J. Bradford is now in possession of the colt (describing it), the offspring of the stallion, and that the debt is just, due and unpaid."

The circuit judge was of opinion that Bradford had the prior lien on the colt by virtue of his mortgage, because the plaintiff had not fixed his lien on the colt by the levy of the attachment before the registration of the defendant's deed. But the statute does not give the lien from the levy of the attachment. The lien might be enforced by suit without attachment The statute gives the lien for the price of the season from the performance of the service by the stallion, to be enforced at any time after the birth of the colt. And, as in the case of the analogous liens of landlords for rent and mechanics for work and materials,

all persons must take notice of the lien at ther peril: *Burr* v. *Graves*, 5 Lea, 552, 557.

It is argued that the attachment was based upon an alleged fraudulent conveyance of the mare and colt by Lewis to Bradford, and that, no fraud being shown, the attachment necessarily failed. But the argument is based upon a misapprehension of the ground of the attachment, which is only the lien for the price of the season. The allegation of the affidavit for the attachment that the colt had been fraudulently conveyed to Bradford is merely an averment that the deed is void in law as against the plaintiff's pre-existing lien. The allegation was unnecessary, and may be treated as surplusage.

Reverse in accordance with the report of the Referees, and render judgment here in favor of the plaintiff.